```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

VIKTOR BERLYAVSKY,

                                    **ORDER ADOPTING IN PART AND MODIFYING IN PART REPORT AND RECOMMENDATION**

                Plaintiff,

    -against-

NEW YORK CITY DEPARTMENT OF          14-cv-3217 (KAM)(RER)
ENVIRONMENTAL PROTECTION, et al.,

                Defendants.

```
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

        On May 22, 2014, plaintiff Viktor Berlyavsky ("plaintiff"), initially proceeding *pro se*, commenced this action against the New York City Department of Environmental Protection ("DEP"), a number of current or former New York City employees (the "Individual City Defendants") (collectively, the "City Defendants"), and labor arbitrator Mariann E. Schick ("Arbitrator Schick"). Plaintiff filed a first amended complaint on September 2, 2014 (ECF No. 5.) and the second amended complaint ("SAC") on November 4, 2014. (ECF No. 42.) Plaintiff asserts federal claims pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 1981, 1983, and 1985, in addition to state claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

On February 20, 2015, Arbitrator Schick moved to dismiss all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 73.) On March 6, 2015, the City Defendants moved to dismiss the SAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 76.) In addition, the City Defendants requested that they be granted "costs, fees, and disbursements." (Mem. of Law in Supp. of City Defs.' Mot. to Dismiss the SAC at 29[1], ECF No. 77.) On January 5, 2015, Matthew Harris Goldsmith filed a notice of appearance, appearing as counsel for plaintiff in this case. (ECF No. 67.) Plaintiff opposed the motions to dismiss through counsel.

On April 23, 2015, the court referred the motions to dismiss to Magistrate Judge Ramon E. Reyes for a Report and Recommendation ("R&R"). (*See* Order Referring Mot., Apr. 23, 2015.) On August 28, 2015, Judge Reyes issued an R&R recommending that the court dismiss the SAC in its entirety for failure to state a claim. (R&R dated Aug. 28, 2015, ECF No. 91.) Judge Reyes also recommended that the court deny the City Defendants' request for costs, fees, and disbursements and grant plaintiff one final opportunity to amend his complaint. (*Id.* at

---

[1] In the interest of maintaining consistency with Judge Reyes' R&R, the court refers to the page numbers generated by the Electronic Case Filing ("ECF") system.

27.)

The R&R notified the parties that any objections must be filed within fourteen days of receipt of the R&R.[2] (*Id.*) On September 9, 2015, the City Defendants filed their objections to the R&R. (ECF No. 92.) On September 15, 2015, the court granted plaintiff's request for a two-day extension to file objections. (Order dated 9/15/15 granting extension.) On September 24, 2015, plaintiff filed his response to the City Defendants' objections but did not file any objections to the R&R. (ECF No. 99.)

A district court reviews those portions of an R&R to which a party has timely objected under a *de novo* standard of review and "may accept, reject, or modify, in whole or in part, the findings or recommendations . . . ." 28 U.S.C. § 636(b)(1)(C). However, where no objections to the R&R have been filed, the district court "need only satisfy itself that that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)).

The sole objection to the R&R is the City Defendants' objection to Judge Reyes' recommendation that the plaintiff be

---
[2] On September 2, 2015, Judge Reyes also gave notice reminding the parties that any objections must be filed by September 14, 2015.

granted leave to file a fourth complaint on the grounds that any amendment would be futile and unproductive. (City Defs.' Objs. at 4, ECF No. 92.) Plaintiff's opposes the City Defendants' objection, arguing that his investigation and collection of evidence remains ongoing. (Pl.'s Resp. to the City Defs.' Objs. at 2, ECF No. 99.) The court reviews Judge Reyes' recommendation granting plaintiff leave to replead *de novo* and reviews the remainder of the R&R for clear error. For the reasons below, the court adopts the R&R's recommendation to dismiss all of plaintiff's claims and modifies the R&R to dismiss plaintiff's SAC with prejudice.

The R&R correctly notes that the Second Circuit has held that a *pro se* litigant should be afforded at least one opportunity to amend his complaint prior to its dismissal for failure to state a claim unless the court can rule out any possibility that an amended complaint will succeed in stating a claim, (R&R at 27)(quoting *Gomez v. USAA Fed. Savs. Bank*, 171 F.3d 794, 796 (2d Cir. 1999)), and that a *pro se* litigant should be afforded leave to amend "fairly freely". (*Id.*)(quoting *Ellis v. Guarino,* No. 03-Cv-6562, 2004 WL 1879834, at 13 (S.D.N.Y. Aug. 24, 2004).) Judge Reyes determined that he could not rule out any possibility that plaintiff would be able to state a claim, noting that his first two amendments were done "without

4

the benefit of having his allegations tested on a motion to dismiss." (R&R at 27.) The R&R also noted that plaintiff is now represented by counsel, who will be able to assist plaintiff in crafting a pleading that asserts only those claims that can be made in good faith and complies with the parameters set forth in the R&R. (*Id.*)

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, "it is within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp.,* 22 F.3d 458, 462 (2d Cir. 1994) (*citing Foman v. Davis,* 371 U.S. 178, 182 (1962)). "[U]ndue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment" will serve to prevent an amendment prior to trial. *Foman,* 371 U.S. at 182. "An amendment to a pleading will be futile if a proposed claim could not withstand a motion to dismiss pursuant to Rule 12(b)(6)." *Dougherty v. Town of N. Hempstead Bd. Of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002) (citing *Ricciuti v. N.Y.C. Transit Auth.,* 941 F.2d 119, 123 (2d Cir. 1991)).

5

The court considers plaintiff's assertion that his investigation is ongoing and his proposed third amended complaint ("TAC"), which was not submitted to Judge Reyes but was submitted in response to the City defendants' objections. The proposed TAC drops plaintiff's Title VII and ADEA claims and alleges additional claims pursuant to 42 U.S.C. § 1986, N.Y. Civ. Serv. L. § 75-b(3)(b), N.Y. Lab. L. § 740, and common law negligence. (TAC at 14-16.) Plaintiff's proposed TAC eliminates his claims of discrimination based on religion, age, and national origin, but alleges retaliation for asserting his First Amendment rights and for whistleblowing. (*See generally*, TAC.)

Plaintiff's proposed TAC fails to cure the deficiencies that Judge Reyes thoroughly articulated in his R&R, and furthermore, the amendments to plaintiff's pleadings are futile. With respect to his proposed First Amendment retaliation claims under 42 U.S.C. § 1983 and his whistleblower claims pursuant to New York Civil Service law[3], the proposed TAC again fails to allege that plaintiff engaged in protected speech, and further fails to allege a causal connection between the protected speech or activity and the adverse employment

---

[3] New York Labor Law § 740 does not apply to "public employers" who are instead covered by New York Civil Service Law § 75-b. *Tamayo v. City of New York*, No. 02 Civ. 8030, 2004 WL 137198, at *7 (S.D.N.Y. Jan. 27, 2004).

action.  *See Scheiner v. New York City Health & Hosps.*, 152 F. Supp. 2d 487, 496 (S.D.N.Y. 2001)(applying same analysis to retaliation claim against a public employer under N.Y. Civ. Serv. Law § 75-b(2)(a) and to First Amendment retaliation claim).  Plaintiff again alleges that he reported ongoing sampling violations to the Office of Environmental Health and Safety in August 12, 2006 (TAC ¶ 33) and that he suffered adverse employment actions in 2009 and 2013.  (TAC ¶¶ 40-44.)  This three year temporal chasm between the protected speech and the allegedly adverse employment action is far too long to warrant an inference that the protected activity was a substantial motivating factor in the adverse employment action.  *See Roa v. Mineta*, 51 F. App'x. 896, 900 (2d Cir. 2002)(finding gap of a year and a half is too long to infer a causal connection between protected activity and adverse employment action).  For the same reasons that Judge Reyes articulated in the R&R, the proposed TAC fails to allege a continuing violation claim.  (*See* R&R at 9-10; *see also Donas v. City of New* York, N.Y.S.2d 360, 361 (N.Y. App. Div. 2009).)

Furthermore, the proposed 42 U.S.C. § 1981 claim under a class-of-one theory fails as a matter of law.  *Engquist v. Oregon Dep't of Agriculture*, 553 U.S. 591, 607 (2008)(holding "that the class-of-one theory of equal protection has no

application in the public employment context"). Claims of common law negligence are barred by the exclusivity provision of New York's Workers' Compensation Law. *See Arroyo v. WestLB Admin., Inc.,* 54 F. Supp. 2d 224, 232 (S.D.N.Y. 1999), *aff'd,* 213 F.3d 625 (2d Cir. 2000) (citing N.Y. Work. Comp. § 11). The remainder of plaintiff's proposed claims suffer from the same deficiencies that Judge Reyes articulated in his thorough and well-reasoned R&R.[4] Consequently, the court finds that any amendment of plaintiff's pleading is futile.

Accordingly, the court adopts in part and modifies in part the R&R. The court dismisses the SAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6). The Clerk of Court is respectfully directed to enter judgment in favor of defendants and close this case.

**SO ORDERED.**

Dated: September 30, 2015
       Brooklyn, New York

                                              ___/s/_____
                                              Kiyo A. Matsumoto
                                              United States District Judge

---

[4] Because plaintiff fails to state a claim pursuant to 42 U.S.C. § 1985, his proposed 42 U.S.C. § 1986 claim of accessorial liability against individual defendants also fails as a matter of law.