```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

VIKTOR BERLYAVSKY,
                                          **ORDER DENYING MOTION**
                                          **FOR RECONSIDERATION**
                     Plaintiff,

         -against-                        14-cv-3217 (KAM)(RER)

NEW YORK CITY DEPARTMENT OF
ENVIRONMENTAL PROTECTION, et al.,

                     Defendants.

----------------------------------------X
```
**MATSUMOTO, United States District Judge:**

On May 22, 2014, plaintiff Viktor Berlyavsky ("plaintiff"), initially proceeding *pro se*, commenced this action against the New York City Department of Environmental Protection ("DEP"), a number of current or former New York City employees (the "Individual City Defendants") (collectively, the "City Defendants"), and labor arbitrator Mariann E. Schick ("Arbitrator Schick"). Plaintiff filed a first amended complaint on September 2, 2014 (ECF No. 5.) and the second amended complaint ("SAC") on November 4, 2014. (ECF No. 42.) Plaintiff asserts federal claims pursuant to Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), 42 U.S.C. §§ 1981, 1983, and 1985, in addition to state claims under the New York State Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL").

On February 20, 2015, Arbitrator Schick moved to dismiss all claims against her pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 73.) On March 6, 2015, the City Defendants moved to dismiss the SAC with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 76.) In addition, the City Defendants requested that they be granted "costs, fees, and disbursements." (Mem. of Law in Supp. of City Defs.' Mot. to Dismiss the SAC at 29[1], ECF No. 77.) On January 5, 2015, Matthew Harris Goldsmith filed a notice of appearance, appearing as counsel for plaintiff in this case. (ECF No. 67.) Plaintiff opposed the motions to dismiss through counsel.

On April 23, 2015, the court referred the motions to dismiss to Magistrate Judge Ramon E. Reyes for a Report and Recommendation ("R&R"). (*See* Order Referring Mot., Apr. 23, 2015.) On August 28, 2015, Judge Reyes issued an R&R recommending that the court dismiss the SAC in its entirety for failure to state a claim. (R&R dated Aug. 28, 2015, ECF No. 91.) Judge Reyes also recommended that the court deny the City Defendants' request for costs, fees, and disbursements and grant plaintiff one final opportunity to amend his complaint. (*Id.* at 27.) The City Defendants' objected to Judge Reyes'

---

[1] In the interest of maintaining consistency with Judge Reyes' R&R, the court refers to the page numbers generated by the Electronic Case Filing ("ECF") system.

2

recommendation that the plaintiff be granted leave to file a fourth complaint on the grounds that any amendment would be futile and unproductive. (City Defs.' Objs. at 4, ECF No. 92.) Plaintiff opposed the City Defendants' objection, arguing that his investigation and collection of evidence remains ongoing and attaching a proposed Third Amended Complaint ("TAC") to his opposition. (Pl.'s Resp. to the City Defs.' Objs., ECF No. 99; TAC (Proposed), ECF No. 99-3.)

The court adopted in part and modified in part the R&R by Order dated September 30, 2015. (ECF No. 100.) The court adopted the R&R's recommendations that the court dismiss the SAC in its entirety for failure to state a claim and that the court deny the City Defendants' request for costs, fees, and disbursements. The court, however, after considering the TAC and plaintiff's contention that his investigation is ongoing, found that any amendment of plaintiff's pleading would be futile, and dismissed the SAC with prejudice. The Clerk of the Court entered judgment on October 2, 2015. (ECF No. 101.)

A month and a half after entry of judgment, plaintiff filed a letter motion for reconsideration on November 16, 2015 with a proposed schedule to fully brief the motion. (ECF No. 103.) The court so ordered plaintiff's proposed briefing schedule and after granting two requests for extensions, one

request from each party, the motion for reconsideration was fully-briefed on December 31, 2015.

Local Civil Rule 6.3 of the United States District Court for the Eastern District of New York permits a party to move for reconsideration based on "matters or controlling decisions which counsel believes the Court has overlooked" within fourteen days after entry of judgment. Local Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Mahadeo v. New York City Campaign Fin. Bd.*, 514 F. App'x 53, 55 (2d Cir. 2013) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol v. Barnhart,* 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (citing *Shrader,* 70 F.3d at 257).

First, plaintiff argues that the court erred by failing to apply the continuing violation doctrine, because plaintiff alleged a continuing policy or practice of

discrimination and retaliation in his SAC. (*See* Pl.'s Mem. of Law in Support of Recon. ("Pl.'s Recon. Mem.") at 2-4, ECF No. 112-11.) As an initial matter, the court finds, as the R&R did, that the SAC does not identify a specific, ongoing discriminatory policy or custom. (R&R at 9-10.) The proposed TAC alleges a "continuous and growing practice of discrimination . . . that encourages and compensates DEP managers with overtime to retaliate against subordinate employee-whistleblowers who report violations of environmental health and safety laws." (TAC at 1.) The court considers whether the continuing violation doctrine applies to this alleged practice of discrimination and retaliation.

The Second Circuit has held that under the Supreme Court's decision in *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), discrete discriminatory or retaliatory acts, "which fall outside the limitations period, cannot be brought within it, even when undertaken pursuant to a general policy that results in other discrete acts occurring within the limitations period." *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 157 (2d Cir. 2012). "[A]n allegation of an ongoing discriminatory policy does not extend the statute of limitations where the individual effects of the policy that give rise to the claim are merely discrete acts." *Id.*

5

Here, the parties do not dispute that the alleged disciplinary actions against plaintiff, his transfer to a new team and denial of overtime, constitute "discrete acts" that are "easy to identify." *Morgan*, 536 U.S. at 114; *see* TAC at 4-9. The law is clear that the discrete retaliatory acts that occurred prior to May 22, 2011 are time-barred and do not fall under the continuing violation exception. Consequently, the TAC's allegations of discrete retaliatory acts are time-barred and therefore futile.

Second, plaintiff seeks reconsideration of the court's finding that SAC and proposed TAC fail adequately to allege the protected speech and causal connection elements of a First Amendment retaliation claim. Plaintiff has identified neither controlling decisions nor data that the court has overlooked. The Supreme Court has held in *Garcetti v. Ceballos*, 547 U.S. 410, 421 (2006), that "when public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Here, plaintiff, as an individual employed by the Compliance Monitoring Section of the DEP, alleges in the proposed TAC that he made complaints relating to the "integrity requirement" of CR+6 samples. (TAC at 5-6.) The court finds that this speech was made pursuant to plaintiff's

official duties of collecting surface water samples and testing in compliance with federal and state environmental laws. (*Id*.) Consequently, the speech alleged in the proposed TAC is unprotected, and plaintiff's First Amendment retaliation claim is futile.

Plaintiff also contends that the court made a premature determination of futility prior to affording plaintiff an opportunity to amend its pleading. (Pl.'s Recon. Mem. at 6.) This argument is entirely unavailing. Plaintiff submitted his proposed TAC in opposition to City Defendants' objection to the R&R. As such, in the interest of just, speedy, and inexpensive determination of the action, the court considered the futility of the TAC in light of the requirements of Federal Rule of Civil Procedure 12(b)(6).

Plaintiff also contends that the court improperly considered documents outside of the pleadings in deciding the motions to dismiss. (Pl.'s Recon. Mem. at 6-7.) As the R&R explained, the court considered the arbitration and administrative decisions explicitly referenced, relied upon, and cited in the SAC. (R&R at 2 n.2 (citing *Holmes v. Air Line Pilots Ass'n. Intern*., 745 F. Supp. 2d 176, 181 (E.D.N.Y. 2010).) The SAC discusses both the arbitration and administrative decisions in detail, attaches Mr. Villacis' testimony from a March 27, 2006 administrative hearing, and

attaches an administrative decision from September 25, 2014. (*See* SAC at 6-30.)

Lastly, plaintiff, for the first time in his Reply Memorandum of Law in support of his motion for reconsideration, argues that the equal protection claim based on a "class of one" theory alleged in the TAC is "alternatively predicated" on a "selective enforcement" theory. (Pl.'s Reply Recon. Mem., ECF No. 112-12.) Plaintiff may not use his reply memorandum for his motion for reconsideration to amend the proposed TAC, which alleges no claim of selective enforcement.

For the reasons stated herein, plaintiff's motion for reconsideration is denied.

**SO ORDERED.**

Dated:  April 7, 2016
        Brooklyn, New York

                                      ___/s/_____
                                      Kiyo A. Matsumoto
                                      United States District Judge